THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. TONY LESSON, PLAINTIFF IN ERROR.

Submitted May term, 1925—Decided October 6, 1925.

Crimes—Receiving Stolen Goods—No Merit in Any of the Nine Assignments—Charge of Court Regarding Knowledge of Facts Relating to Theft—Not Reversible Error For Court to Express Opinion On Evidence, It Does Not Take the Facts From the Jury—Duty to Convict if Circumstances Indicated to Reasonable Men That Goods Were Stolen.

On writ of error.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff in error, *Wight, Wight & Golenbock.*

For the defendant in error, *Joseph E. Stricker,* prosecutor of the pleas, and *John E. Toolan,* assistant prosecutor of the pleas.

PER CURIAM.

The defendant was convicted of receiving stolen goods to the value of $89, in the Middlesex County Quarter Sessions.

The plaintiff in error files nine assignments of error and nine specifications of causes for reversal, which are argued under five heads in the brief filed on behalf of the plaintiff in error. There is no legal merit in any of them.

First, the court erred in refusing to direct a verdict of acquittal at the close of the case for the state; second, the court erred in submitting the case to the jury; fourth, the verdict was against the weight of the evidence. Not so. Questions of fact for the jury were involved under all these points. Third, variance between the indictment and the proof. Not so. Fifth, error in the charge of the trial judge; the criticism is aimed at that portion of the charge in which

the trial judge said: "You can find knowledge from the facts which would have put a reasonable man on his guard. There can be no doubt that these goods were stolen, and it seems to me that there can be no doubt that this defendant should have known at the time that he purchased the goods that the goods were stolen." This is not reversible error; when read in connection with the entire charge it is nothing more than an expression of the court's opinion on the evidence. It does not take or attempt to take the facts from the jury. The court further said: "If you find that the goods were stolen, that he purchased them under such circumstances as would have indicated, or should have indicated, to him or any other reasonable man that the goods were stolen, then it is your duty to convict."

Finding no error in the record, the judgment is therefore affirmed.